## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**THE DESCARTES SYSTEMS GROUP, INC., a Canadian corporation and DESCARTES SYSTEMS (USA), LLC, a Delaware limited liability company,**

       **Plaintiffs,**

**vs.**

**DESCARTES LABS, INC., a Delaware corporation, and DESCARTES LABS, GOVERNMENT, INC., a Delaware corporation,**

       **Defendants.**

_____/

**CASE NO :**

**DEMAND FOR JURY TRIAL**

## <u>COMPLAINT</u>

Plaintiff, THE DESCARTES SYSTEMS GROUP, INC. ("Descartes Systems Group") and Descartes Systems (USA), LLC ("Descartes USA") (collectively "Descartes") bring this action to enjoin Descartes Labs, Inc.'s and Descartes Labs Government, Inc.'s (collectively "Descartes Labs") unauthorized use and infringement of Descartes's DESCARTES trademarks and service marks, which have been registered with the United States Patent and Trademark Office for many years before the filing of this Complaint. Descartes seeks preliminary and permanent injunctive relief and damages pursuant to: (a) the Lanham Act, 15 U.S.C. § 1114(1) for infringement of Descartes' federally registered trademarks; (b) the Lanham Act, 15 U.S.C. § 1125(a), for unfair competition and false designation of origin; (c) Florida's

Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fl. Stat. §§ 501.201 et seq.; (d) Florida Common Law Trademark Infringement; (e) Florida Common Law Unfair Competition; and (f) Florida Unjust Enrichment.

## NATURE OF CLAIM

1.      Descartes is a pioneer in and primarily focuses on logistics and supply chain management business processes. Its solutions are focused on improving productivity, performance and security of logistics-intensive businesses. Descartes' primary focus is on serving transportation providers (air, ocean and truck modes), logistics service providers (including third-party logistics providers, freight forwarders and customs brokers) and distribution-intensive companies in retail, manufacturing, distribution, agricultural and other industries for which logistics is either a key or a defining part of their own product or service offering, a critical part of their operation, or for which Descartes' solutions can provide an opportunity to reduce costs, improve service levels, or support growth by optimizing the use of assets and information. Descartes markets its logistics and supply chain management products and services to its customers and prospective customers under the brand name DESCARTES® for which it holds registered and/or incontestable federally registered trademarks. Descartes has continuously used its DESCARTES® brand since at least as early as 1983 and has invested millions of dollars in its brands.

2.      Descartes Labs promotes itself as a geospatial intelligence company that performs scientific analysis of geospatial data for use in a variety of fields including logistics and supply chain management. Descartes Labs specifically focuses on

shipping and logistics and touts its Descartes Labs Platform which "allows shipping and logistics companies to track and optimize the transport of bulk commodities around the world." Descartes Labs markets and provides its logistics and supply chain management services to companies and customers using the DESCARTES LABS designation which infringes upon Plaintiff Descartes' registered DESCARTES® trademarks and service marks. Descartes Labs' continued use of the DESCARTES LABS designation has caused, and will continue to cause, serious irreparable harm and damages to Plaintiff Descartes' business, necessitating this action.

## PARTIES

3.      Plaintiff Descartes Systems Group is a Canadian corporation with its principal place of business in Ontario, Canada and with several offices in the United States, including in Orlando, Florida.

4.      Plaintiff Descartes USA is a Delaware limited liability company with a place of business at 5736 S. Semoran Blvd., Orlando, FL 32822, and is a licensee of Plaintiff Descartes.

5.      Defendant Descartes Labs, Inc. is a Delaware corporation with its principal place of business in Santa Fe, New Mexico, and is registered as a Foreign Profit Corporation in the State of Florida, Doc. No. F 20000003155.

6.      Defendant Descartes Labs Government, Inc. is a Delaware corporation with its principal place of business in Santa Fe, New Mexico.

7.      Defendants Descartes Labs, Inc. and Descartes Labs Government, Inc. shall hereinafter be referred to collectively as "Descartes Labs".

## JURISDICTION AND VENUE

8.    This Court has original and supplemental jurisdiction over this action pursuant to 15 U.S.C. §§ 1114, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338 and 1367.

9.    This Court has personal jurisdiction over Descartes Labs under Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(1), §48.193(1)(a)(2) and consistent with due process.    Specifically, this cause of action arises from Descartes Labs' operating, conducting, engaging in, or carrying on business in the State of Florida, by committing the tortious act of trademark infringement in the State of Florida, and by  injuring Descartes, a Florida resident through such tortious acts.

10.    Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and Descartes Labs resides in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

11.    Since at least as early as 1983, Descartes has promoted and sold computer training services, computer consulting services, and customer service management services relating to data and information in the fields of transportation, logistics and supply chain management throughout the U.S., Canada, and other countries.  Also, since at least as early as 1983, Descartes has promoted and sold computer software as a service (SaaS) featuring software for managing transportation, logistics, and supply chain data and information primarily in the fields of transportation, logistics and supply chain management, and related services, throughout the U.S., Canada and other countries.  Since at least as early as 1992, Descartes has promoted and sold

4

computer software and hardware for facilitating supply chain execution and distribution and for monitoring and tracing supply chain activities in the fields of wholesale and retail marketing and sale of products and services and for related purposes, throughout the U.S., Canada, and other countries.

12.    Descartes promotes its DESCARTES® brand goods and services through its website, www.descartes.com, and through various print publications, third party websites and other media.

13.    Descartes has invested many millions of dollars into the development of its logistics and supply chain management goods and services, with a primary focus on its DESCARTES® brand.

14.    Over the last several decades, Descartes has invested many millions of dollars in advertising and promoting its DESCARTES® brand goods and services, including through online advertising and traditional print advertising.  Descartes has promoted its DESCRATES® branded goods and services at countless trade shows and has established substantial goodwill and reputation in its DESCARTES® brand and marks which distinguishes it from others.

15.    In sum, Descartes invested heavily in developing its logistics and supply chain management business, products, and services and in building the DESCARTES® brand to expand its business, products and services.

16.    To that end, Descartes has protected its investment by registering several trademarks with the U.S. Patent and Trademark Office including, among others, the DESCARTES® marks identified in U.S. Registration Nos. 2,826,766; 2,828,740; and

5,971,240.  True and correct copies of these registrations and the USPTO database records concerning them are attached as Exhibits 1, 2 and 3, respectively.

17.    These registrations cover the following marks and goods and services:

| | |
|---|---|
| DESCARTES<br>U.S. Reg. 2,826,766<br>Issued:  March 30, 2004 | Class 009:  Computer software for facilitating supply chain execution and distribution and for monitoring and tracing supply chain activities in the fields of wholesale and retail marketing and sale of products and services. |
| DESCARTES<br>U.S. Reg. 2,828,740<br>Issued:  April 6, 2004 | Class 041: Computer training services.<br><br>Class 042: Computer consulting service, namely, systems configuration, software engineering, systems integration, customized software development for others, and maintenance and installation of computer software. |
| DESCARTES<br>U.S. Reg. 5,971,240<br>Issued:  Jan. 28, 2020 | Class 009: downloadable computer software and computer hardware to manage data and information primarily in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes.<br><br>Class 035: customer service management relating to data and information in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes.<br><br>Class 041: computer software training relating to computer software and data solutions for managing data and information primarily in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes. |

| | Class 042: computer software as a service (SaaS) services featuring software for managing transportation, logistics, and supply chain data and information primarily in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes; computer software as a service (SaaS) services featuring software for accessing and analyzing global trade data, for research, analysis, and forecasting based on global trade data, for maintaining, researching, and performing trade tariff and duty classifications and calculations, for business partner screening against international restricted party and trade sanctions lists, for global trade compliance, for research and analytics pertaining to other supply chain and logistics decisions, and for forecasting other supply chain and logistics data; computer software consultation, design, analysis, activation, implementation, installation, management, integration, deployment, updating, configuration, analysis, and custom development relating to computer software and data solutions for managing transportation, logistics, and supply chain data and information primarily in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes; technical support, namely troubleshooting computer software and data management problems in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes; maintaining computer software used in managing transportation, logistics, and supply chain data and information primarily in the fields of transportation, logistics, and supply chain management, and fields inherently linked to organizations' transportation, logistics, and supply chain management processes. |
|---|---|

18.     The goods and services identified in Paragraphs 1, 11 and 17 above and those identified in U.S. Registration Nos. 2,826,766, 2,828,740, and 5,971,240 shall hereinafter collectively be referred to as the "DESCARTES® Goods and Services."

19.     Descartes' common law rights in its DESCARTES® Marks and its registered DESCARTES® marks identified in U.S. Registration Nos. 2,826,766, 2,828,740, and 5,971,240 shall hereinafter collectively be referred to as the "DESCARTES® Marks." Plaintiff Descartes owns all rights, title, and interest, including all common law rights, in its DESCARTES® Marks, which are inherently distinctive and/or have acquired distinctiveness through decades of continuous use in commerce.

20.     The DESCARTES® Marks have been in continuous use in commerce in and/or with the United States for several decades and two of the registered DESCARTES® Marks are incontestable.    The DESCARTES® Marks are presumptively valid, distinctive, existing, and enforceable and Plaintiff Descartes owns all rights, title and interest in and to the DESCARTES® Marks for the DESCARTES® Goods and Services.

21.     Descartes also owns and has used continuously the domain name Descartes.com where Plaintiff Descartes hosts its website bearing the DESCARTES® Marks and promoting and advertising the DESCARTES® Goods and Services.

**Descartes Labs Unlawfully Infringes upon the DESCARTES® Marks and Brand**

22.     Defendant Descartes Labs has adopted and is using the infringing designation DESCARTES LABS in the United States for the same and/or closely

related services as the DESCARTES® Goods and Services provided by Plaintiff Descartes.

23.    The name and designation DESCARTES LABS is nearly identical, and confusingly similar to Descartes' DESCARTES® Marks.

24.    Descartes Labs uses the DESCARTES name to market goods and services that are substantially similar to the DESCARTES® Goods and Services and likely to cause confusion therewith.

25.    Descartes Labs provides certain categories of services which are the same as and/or similar to those of Descartes Systems Group in certain markets to the same types of customers that Descartes Systems Group provides using the identical or nearly identical DESCARTES LABS Designation.

26.    Descartes Labs sells shipping and transportation-related data to the same types of customers, such as commodity traders and trading teams, for financial forecasting and modeling, and also creates and sells analytics tools based on logistics data, and also sells such data to customers in the transportation, government and financial services fields.

27.    Descartes provides all of these same services identified in the preceding paragraph.

28.    Descartes Labs provides access to data, including shipping data, in such fields as the transportation and financial services fields.  Descartes Labs has admitted to using or intending to use its marks for goods and services that collect, manage, and provide access to data in the transportation, government and financial services fields.

29.     These are fields in which Descartes has been collecting, managing, and providing access to data for many decades.  Descartes provides access to and analysis of global trade data for use in research, analysis, and forecasting related to supply chain and logistics decisions, and for forecasting other supply chain and logistics data and trends.

30.     Descartes and Descartes Labs operate in overlapping fields, serve overlapping customer bases, and provide the same and/or closely related goods and services that are used by each company's respective customers for similar purposes.

31.     For example, Descartes Labs' services are used in ocean freight pricing and forecasting.  In particular, Descartes Labs' typical customers in the shipping field are trading teams or shipping companies with trading teams, and the data assists the trading teams' understanding of optimal buy and sell times.

32.     Descartes, among other things, sells data to commodity traders and to trading teams of shipping companies.  In the ocean transportation logistics field, Descartes's customers use this data to forecast ocean freight pricing.  Descartes also hosts ocean freight pricing tables to assist companies in complying with Federal Maritime Commission obligations and provides ocean freight data reporting and analytics, for example, import and export.  Descartes provides that information and data to ocean freight carriers and shippers to identify optimal buy and sell opportunities.

33.     Descartes Labs provides these same services using Plaintiff's DESCARTES Marks.

34.    Descartes' customers include commodity traders to whom Descartes Systems Group sells data related to shipping costs and routes.  Descartes Systems Group sells supply chain logistics data to logistic service providers and creates and sells analytics based on its data.

35.    Descartes Labs provides these same services using Plaintiff's DESCARTES marks.

36.    Descartes Labs has adopted Descartes' established brand to compete directly against Descartes in the field of collecting and providing logistics data to the same types and classes of customers.

37.    Descartes Labs, Inc. also is listed as the owner of the following U.S. Registrations covering the identified goods and services:

| | |
|---|---|
|  U.S. Reg. 6201219 Issued:  Nov. 17, 2020 | Class 009: Downloadable computer software for producing historic or forecasting models in the fields of agriculture, government and defense, construction, energy, finance, forestry, insurance, manufacturing, transportation, and weather. |
|  U.S. Reg. 6201220 Issued: Nov. 17, 2020 | Class 042:  Platform as a service (PAAS) featuring machine-learning computer software platforms for storing, organizing, calibrating, and analyzing massive data sets and satellite imagery for government agencies and businesses in the fields of agriculture, government and defense, construction, energy, finance, forestry, insurance, manufacturing, transportation, and weather; development of computer platforms for developing historic or forecast models from geospatial imagery and data, business operation statistical data and business macroeconomic indicator data for government agencies and businesses in the fields of agriculture, government and defense, construction, |

| | energy, finance, forestry, insurance, manufacturing, transportation, and weather; mapping services featuring geospatial data and satellite imagery. |
|---|---|

38.     The Descartes Labs goods and services identified in paragraphs 25, 26, 28, 30, 31, 33, 35, 36 and 37 above shall hereinafter be referred to collectively as the "Descartes Labs Goods and Services."

39.     Descartes Labs employs the same and/or closely related sales methods in marketing the Descartes Labs Goods and Services to actual and prospective customers.

40.     Defendant Descartes Labs publicly touts its logistics and supply chain management services online using the infringing designation DESCARTES LABS:



41.    Defendant Descartes Labs also promotes, advertises, and sells shipping and logistics use cases bearing the infringing designation DESCARTES LABS:



42.    Defendant Descartes Labs, using its infringing DESCARTES LABS designation, targets the same customers as Plaintiff Descartes, including "shipping and logistics companies, commodity producers and service providers that deal with all aspects of global logistics:  Freight companies; Freight forwarders; Carriers; Third party logistics providers; Ship charterers & operators; and Ship owners and brokers" as expressly stated in one of Descartes Labs' online advertising and promotional documents.

43.    Descartes Labs continues to intentionally and willfully infringe the DESCARTES Mark in touting supply chain services to its customers, including, for example, numerous references on its web site:

13

- Consumer Goods - Increase operational efficiency with a digital twin of agricultural products and upstream supply chain https://descarteslabs.com/consumer-goods/



- Deforestation and Forest Carbon – Monitor deforestation and carbon equivalent emissions across the agricultural supply chain https://descarteslabs.com/deforestation-and-forest-carbon/



- Agriculture – Descartes Labs helps agriculture industry leaders monitor and respond to events in the supply chain with greater speed

  https://descarteslabs.com/agriculture/



44.    Descartes Labs intentionally and willfully chose to use the DESCARTES® Marks with knowledge that its use of the DESCARTES LABS name and the DESCARTES® Marks is likely to cause consumer confusion, mistake and to deceive consumers.

45.    Descartes Labs' use of the name DESCARTES LABS, which is in effect identical or substantially similar to Descartes' DESCARTES® Marks, is without the permission, consent or authorization of Descartes.

46.    As a consequence of Descartes Labs' actions, consumer confusion, in the form of forward and reverse confusion and brand confusion has occurred, and will inevitably continue to occur, absent an injunction.

47.    Defendant Descartes Labs intentionally and willfully is using the infringing designation DESCARTES LABS in an attempt to trade off the goodwill and

renown that Plaintiff Descartes has established through decades of continuous use in commerce of its DESCARTES® Marks in connection with the DESCARTES® Goods and Services.

48.    The infringing DESCARTES LABS designation is identical to and/or confusingly similar to Plaintiff's DESCARTES® Marks and merely adds the generic term LABS to the DESCARTES® Marks.  Defendant Descartes Labs has provided and is providing logistics and supply chain management products and services using the wrongful and infringing DECARTES LABS designation that are the same as and/or closely related to the DESCARTES® Goods and Services.

49.    The goods and services provided by Descartes Labs under its infringing designation DESCARTES LABS travel in the same channels of trade as the DESCARTES® Goods and Services and are intended for and sold to the same general class of customers as the DESCARTES® Goods and Services.

50.    Defendant Descartes Labs' advertising, promotion and sale of the DESCARTES LABS goods and services in commerce under the infringing designation DESCARTES LABS is likely to cause confusion, to cause mistake or to deceive the relevant consuming public as to the source of those goods and services.

51.    Defendant Descartes Labs' advertising, promotion and sale of the DESCARTES LABS goods and services under the infringing designation DESCARTES LABS constitutes a false designation of origin and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Descartes Labs with Plaintiff Descartes, and/or as to the

origin, sponsorship, or approval of Descartes Labs' goods, services, or commercial activities by Plaintiff Descartes.

52.    Defendant Descartes Labs' advertising, promotion and sale of the DESCARTES LABS goods and services under the infringing designation DESCARTES LABS also has resulted in actual consumer confusion in the marketplace among consumers of both Plaintiff's DESCARTES® Goods and Services and consumers of Defendant Descartes Labs' goods and services, including:

- A September 19, 2022 email from a Descartes Labs customer or prospective customer to Descartes forwarding an RFP for Descartes Labs. The RFP was for remote sensing services in ecosystem regeneration projects.

- An October 6, 2022 industry ezine tweet attributing a Descartes study to Descartes Labs.  The tweet reads in part:  "There's good news in Descartes @Descartes Labs study of consumer sentiment of sustainable delivery practices. #logistics #eMobility #"  The referenced study which was receiving industry coverage was conducted by Descartes, not Descartes Labs.

- Most recently, on May 30, 2023, a representative of the Slovenian government erroneously emailed Descartes the following message with the subject line R-RD-IZV za Descartes labs d.o.o., SENCUR (4649), which reads in part:

Dear,

Since we have not yet received your questionnaire with data for the R-RD-IZV statistical survey (Research and development activity at contractors), we urge you to fill out the questionnaire for this survey as soon as possible and submit it via the eSTAT online application.

The deadline for data submission was 10.5.2023!

Please submit the data via the online application eSTAT: www.stat.si/estat.

53.     Descartes has placed Descartes Labs on written notice of Descartes Labs' willful and intentional infringement and unlawful conduct regarding Plaintiff's DESCARTES® Marks, but Descartes Labs has progressively expanded its use of the infringing designation, DESCARTES LABS, and has failed to terminate its intentionally willful and wrongful conduct to the ongoing damage and detriment of Plaintiff Descartes.

54.     Descartes Labs' acts have caused and are causing irreparable damage and injury to Descartes and will continue to cause irreparable injury to Descartes unless Descartes Labs is enjoined from further infringing upon Descartes' registered trademarks.

### <u>Count I – Lanham Act – Infringement of Federally Registered Mark</u>
15 U.S.C. § 1114(1)(a)

55.     Descartes incorporates the allegations of Paragraphs 1 through 54 above as if set forth fully herein.

56.    Descartes is the owner of the federally registered trademarks DESCARTES, which are valid and enforceable.

57.    Descartes Labs has infringed on Descartes' federally registered DESCARTES® Marks for some time and has continued to infringe the marks after being informed of Descartes' prior established trademark rights.

58.    Descartes Labs' use of the name DESCARTES LABS, which is in effect identical or substantially similar to Descartes' DESCARTES® Marks, is without the permission, consent or authorization of Descartes, and is likely to cause confusion, reverse confusion, mistake, and/or deception, and thus constitutes willful, deliberate and intentional trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114.

59.    Descartes Labs has infringed on Descartes' federally registered DESCARTES® Marks in interstate commerce by engaging in the nationwide sale of its goods and services using the DESCARTES LABS name and designation, and a national advertising campaign, encompassing print, and internet advertising, among other media. Each of these advertisements bears the DESCARTES LABS name and designation, which is identical to and/or confusingly similar to Descartes' DESCARTES® Marks.

60.    The confusion caused by Descartes Labs includes "reverse confusion," meaning that consumers are likely to associate, or have associated, Descartes' DESCARTES® Marks with Descartes Labs, rather than Descartes, and also includes forward confusion, meaning that consumers are likely to associate, or have associated, Descartes Labs' use of DESCARTES with Descartes.

61.    Descartes Labs' actions have and will likely continue to lead consumers to incorrectly conclude that Descartes' services originate from or somehow have become connected with Descartes Labs, and vice versa, which will damage both Descartes and the public.

62.    Indeed, Descartes Labs' infringement of the DESCARTES® Marks has already caused actual confusion among consumers.

63.    Descartes Labs' infringement is knowing, deliberate, intentional and willful and in utter disregard to the prior rights of Plaintiff DESCARTES.

64.    As a result of Descartes Labs' trademark infringement, Descartes has suffered and will continue to suffer damages, including loss of income, profits, and goodwill.

65.    Descartes is entitled to treble damages pursuant to 15 U.S.C. § 1117.

66.    Descartes Labs' acts have caused irreparable damage and injury to Descartes and will continue to cause irreparable injury to Descartes unless Descartes Labs is enjoined from further infringing upon Descartes' registered trademarks.

67.    Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury and damage to Descartes for which Descartes has no adequate remedy at law.

## Count II – Lanham Act – Federal Unfair Competition /
## False Designation of Origin
### 15 U.S.C. § 1125(a)

68.    Descartes incorporates the allegations in Paragraphs 1 through 67 above as set forth fully herein.

69.    Descartes Labs' unauthorized and unlawful use of the DESCARTES name for its services has caused, and is likely to cause, confusion, including both forward and reverse confusion, among consumers as to Descartes' and the DESCARTES® Marks' affiliation, connection, or association with Descartes Labs and its services in that the unlawful use by Defendant of the DESCARTES Marks is likely to cause confusion or to deceive as to the source, affiliation, connection or association of the DESCARTES® Marks with Defendant, as to the origin, sponsorship or approval of Defendant, its website, and products and services. These acts constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.    Descartes Labs' acts were knowing, intentional, deliberate and willful and were made with an utter disregard for the prior rights of Plaintiff Descartes.

71.    As a direct and proximate result of Descartes Labs' unauthorized and unlawful use of the DESCARTES® name, and marks, Descartes has been and is being damaged.

72.    By reason of all of the foregoing, Descartes is being damaged by Defendant's willful use of the DESCARTES® Marks in the manner set forth above

and will continue to be damaged unless Defendant is enjoined from using the DESCARTES® Marks.

73.    Further, Descartes Labs has profited from its wrongful conduct.

74.    Descartes is entitled to treble damages pursuant to 15 U.S.C. § 1117.

75.    Descartes Labs' intentional and willful infringement is exceptional, and Descartes is entitled to reasonable attorney's fees that it has incurred in protecting its rights.

76.    Plaintiff Descartes has a substantial likelihood of success stemming from a demonstrably clear legal right, and Descartes will be irreparably injured by the continued willful and intentional unlawful acts of Defendant Descartes Labs, unless Descartes Labs is enjoined. Accordingly, Descartes is entitled to preliminary and permanent injunctive relief.  Descartes has no adequate remedy at law.

## Count III – Florida Deceptive and Unfair Trade Practices Act

77.    Descartes incorporates the allegations in Paragraph 1 through 76 above as if set forth fully herein.

78.    The actions of Defendant, Descartes Labs, complained of herein constitute a misuse and misappropriation of Descartes' rights by the intentional and willful unlawful use by Defendant of the DESCARTES® Marks and the goodwill associated therewith.

79.    Defendant's unlawful actions were willful and wanton, constituting intentional misconduct or gross negligence, and Defendant's acts constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts

or practices in the conduct of any trade or commerce in violation of Fl. Stat. §§ 501.201 *et seq.* of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

80.    Descartes Labs markets and sells its illegally-named DESCARTES services nationwide, including throughout the state of Florida.

81.    Specifically, by using the name and designation DESCARTES LABS, Descartes Labs infringed upon Descartes' DESCARTES® Marks.  This, combined with Descartes Labs' advertising and promotion of its goods and services, has resulted in substantial consumer confusion as to Descartes' affiliation, connection, or association with Descartes Labs and its DESCARTES services.

82.    Descartes Labs' conduct has caused actual, irreparable harm and damages—including loss of income, profits, advertising, and goodwill—to Descartes and it will continue to cause irreparable injury to Descartes unless Descartes Labs is enjoined from further misleading consumers throughout the state of Florida.

83.    Plaintiff Descartes has a substantial likelihood of success stemming from a demonstrably clear legal right and Defendant's acts have caused and will continue to cause irreparable injury and damages to Descartes for which Descartes has no adequate remedy at law.

## Count IV – Common Law Trademark Infringement

84.    Descartes incorporates the allegations in Paragraphs 1 through 83 above as if set forth fully herein.

85.    By reason of all of the foregoing, Descartes has acquired common law trademark rights in the DESCARTES® Marks.

86.    The actions of Defendant, Descartes Labs, complained of herein are likely to cause confusion, mistake and deception of consumers in and to believing that Defendant, Descartes Labs, is authorized by, licensed by, sponsored by or otherwise associated with the common law trademark rights in the DESCARTES® Marks.

87.    Upon information and belief, the acts and conduct of Defendant, Descartes Labs, complained of constitute willful and deliberate misuse and infringement of Descartes' common law rights in the DESCARTES® Marks and will continue in willful and wanton disregard of Descartes' valuable rights.

88.    The foregoing intentionally wrongful acts of Defendant, Descartes Labs, constitute misuse and infringement of the DESCARTES® Marks in violation of the common law of the State of Florida.

89.    By reason of all of the foregoing, Descartes is being damaged by Defendant's willful and intentional use and infringement of the DESCARTES® Marks in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the DESCARTES® Marks.

90.    Plaintiff Descartes has a substantial likelihood of success stemming from a demonstrably clear legal right, and Descartes will be irreparably injured by the continued wrongful acts of Defendant, Descartes Labs, unless such acts are enjoined. Descartes has no adequate remedy at law.

## Count V – Common Law Unfair Competition

91.    Descartes incorporates the allegations in Paragraphs 1 through 90 above as if set forth fully herein.

92.    The actions of Defendant complained of herein constitute a misuse and misappropriation of Descartes' rights by the unlawful use by Defendant, Descartes Labs, of the DESCARTES® Marks and the goodwill associated therewith, all of which constitute unfair competition and trade practices, false advertising and passing off under the common law of the State of Florida.

93.    Descartes Labs' unlawful acts and conduct are willful and wanton, constituting deliberate, intentional misconduct and/or gross negligence in utter disregard of Descartes' valuable rights and property in its DESCARTES® Marks.

94.    By reason of the foregoing, Descartes is being damaged by Defendant, Descartes Labs', willful use and infringement of the DESCATES® Marks in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the DESCARTES® Marks.

95.    Plaintiff Descartes has a substantial likelihood of success stemming from a demonstrably clear legal right, and Descartes will be irreparably injured by the continued acts of Defendant, Descartes Labs, unless such acts are enjoined.  Descartes has no adequate remedy at law.

## Count VI - Unjust Enrichment Under Florida Law

96.    Descartes incorporates the allegations in Paragraphs 1 through 95 above as if set forth fully herein.

97.    The actions of Defendant complained of herein constitute a misuse and misappropriation of Descartes' rights by the unlawful and unauthorized use by

Defendant, Descartes Labs, of the DESCARTES® Marks and the goodwill associated therewith.

98.    Defendant, Descartes Labs' use of the DESCARTES® Marks have conferred a benefit upon Defendant, which Defendant has retained and which benefits would be inequitable to retain without payment of due value thereof to Descartes.

99.    Defendant, Descartes Labs, has been unjustly enriched under Florida law and should be required to make restitution to Descartes in an amount to be determined at trial.

100.    Defendant's acts have caused and will continue to cause irreparable injury and damage to Descartes for which Descartes has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Descartes respectfully requests a jury trial on any issues so triable, and that this Court enter judgement:

A. Declaring that Descartes Labs violated the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a), and the Florida Deceptive and Unfair Trade Practices Act, Fl. Stat. §§ 501.201 *et seq*., and engaged in Florida Common Law Trademark Infringement, Florida Common Law Unfair Competition and Florida Unjust Enrichment.

B. Preliminarily and permanently enjoining Descartes Labs, its parents, subsidiaries, and affiliated companies, their respective officers, agents, servants, dealers, licensees, employees, and attorneys and those persons in active concert or participation with them, who receive actual notice of the

order by personal service or otherwise, from infringing upon Descartes' trademark rights by using the names or marks DESCARTES, DESCARTES LABS, the website descarteslabs.com, and any other derivation of the DESCARTES name and marks and from using the DESCARTES or DESCARTES LABS names or marks, and from using, affixing, offering for sale, selling, advertising, promoting or rendering goods or services with the DESCARTES Mark, DESCARTES LABS, or any other trade name or trademark confusingly similar thereto.

C. Preliminarily and permanently enjoining Descartes Labs, its parents, subsidiaries, and affiliated companies, their respective officers, agents, servants, dealers, licensees, employees, and attorneys and those persons in active concert or participation with them, who receive actual notice of the order by personal service or otherwise, from the use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition by using any  DESCARTES Mark or any trade name or trademark confusingly similar to DESCARTES.

D. Preliminarily and permanently enjoining Defendant from use and removing all advertisements in any form and in any media, including, without limitation, advertisements purchased for display on Internet search engines bearing the DESCARTES® Mark, DESCARTES LABS, or any trade name or trademark confusingly similar thereto.

E.  Ordering Defendant to alter all web pages to promptly remove the DESCARTES Mark and DESCARTES LABS from all websites owned or operated on behalf of Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees and attorneys and those person in active concert or participation with them.

F.  Finding all of Plaintiff's trademarks valid and enforceable.

G.  Awarding Descartes damages in the amount to be proven at trial necessary to publish corrective advertising to correct the consumer confusion caused by Descartes Labs' illegal use of the DESCARTES® name and designation.

H.  Ordering Descartes Labs to notify its customers, clients and prospective customers and clients and their affiliates and related companies that Descartes Labs has been ordered to cease using the name and mark Descartes Labs.

I.  Ordering Descartes Labs to pay Descartes its damages to be proven at trial, compensatory and statutory, caused by Descartes Labs' trademark infringement, false designation of origin, and unfair competition, together with prejudgment interest, and trebled pursuant to 15 U.S.C. § 1117(b).

J.  Ordering Descartes Labs to pay Descartes its actual damages to be proven at trial caused by Descartes Labs' unfair and deceptive trade practices, together with prejudgment interest, pursuant to the FUDTPA, Fl. Stat. §§ 501.201 *et seq*.

K. Ordering Descartes Labs to disgorge and pay Descartes the profits that it earned by its willful illegal use of the DESCARTES® Marks and the DESCARTES LABS designation.

L. Ordering Descartes Labs to pay exemplary and punitive damages to Descartes in an amount to be proven at trial under State law, together with prejudgment interest.

M. Granting Descartes its costs, disbursements and fees, including reasonable attorneys' fees and expert fees under federal and state law, incurred by Descartes in bringing and maintaining this action; and

N. Awarding Descartes any such other and further relief as this Court may deem just and proper given the facts and circumstances in this action.

## DEMAND FOR JURY TRIAL

Descartes hereby demands trial by jury as to all claims in this litigation.

Dated: July 14, 2023

Respectfully Submitted,
WOLTER, VAN DYKE, DAVIS PLLC
1900 Summit Tower Blvd., Suite 140
Orlando, FL  32810
Telephone:   (407) 926-7700
Facsimile:    (407) 926-7720
Email: adavis@savvyiplaw.com
Email: dyau@savvyiplaw.com
*Attorneys for Plaintiff*

*/s/ Amber N. Davis*
Amber N. Davis
Florida Bar No: 0026628
David Yau
Florida Bar No: 1018284