**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THE DESCARTES SYSTEMS GROUP,
INC. and DESCARTES SYSTEMS
(USA), LLC,

        Plaintiffs,

v.                                                                      Case No:   6:23-cv-1327-WWB-LHP

DESCARTES LABS, INC. and
DESCARTES LABS GOVERNMENT,
INC.,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' FIRST THROUGH FOURTH AND SIXTH THROUGH EIGHTEENTH AFFIRMATIVE DEFENSES (Doc. No. 55)
>
> **FILED:** January 2, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiffs instituted this action against Defendants on July 14, 2023, and their operative pleading is now an amended complaint filed on November 27, 2023. Doc. Nos. 1, 48.  Plaintiffs assert claims against Defendants under the Lanham Act for trademark infringement and unfair competition/false designation of origin (Counts 1 & 2), a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count 3), and a claim for common law unfair competition (Count 4). Doc. No. 48.  Defendants have filed an answer to the complaint, asserting eighteen (18) affirmative defenses and a counterclaim for declaratory judgment of non-infringement.  Doc. No. 51.  Now, by the present motion, Plaintiffs ask the Court to strike from Defendants' answer all but one (1) of Defendants' affirmative defenses.  Doc. No. 55.  Defendants oppose.  Doc. No. 57.  For the reasons that follow, Plaintiffs' motion will be denied.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel."  *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted).  A motion to strike is a drastic remedy that will ordinarily be granted only if the material sought to be stricken is insufficient as a matter of law.  *Arthurs v. Glob.*

*TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted).  "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law."  *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."  *Erdogam*, 2015 WL 12838848, at *1.  "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'"  *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

Here, Plaintiffs do not assert specific reasons why each affirmative defense is legally insufficient; instead, Plaintiffs' motion is premised centrally on the contention that Defendants' affirmative defenses are insufficiently pleaded *in toto* under the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and are "shotgun" defenses that fail to include sufficient factual support. Doc. No. 55, at 4–10. However, although some courts have held to the contrary, and there is no binding precedent on this issue, the undersigned agrees with courts from this District holding that the pleading requirements set forth in *Iqbal* and *Twombly* do not apply to affirmative defenses. *See, e.g.*, *Gibson v. Am. Express Co.*, No. 6:20-cv-2216-CEM-LRH, 2021 WL 2828314, at *2 (M.D. Fla. Apr. 21, 2021) ("This Court . . . is among the many and possibly the majority of courts in the Middle District of Florida that have determined the pleading requirements of *Iqbal* and *Twombly* do not extend to affirmative defenses." (quoting *Leveille v. Upchurch*, No. 3:19-cv-908-BJD-MCR, 2021 WL 1530728, at *2 (M.D. Fla. Apr. 19, 2021))); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-Orl-40DCI, 2019 WL 5395780, at *1 (M.D. Fla. June 28, 2019) ("[T]he Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses."); *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-cv-890-Orl-40KRS, 2017 WL 8813072, at *3 (M.D. Fla. Dec. 8, 2017) ("[S]o long as Plaintiffs are given fair notice of the defense asserted, the affirmative defense need not be supported by detailed factual allegations."); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) (noting that the Eleventh Circuit has not

resolved the issue but collecting District Court cases and siding with the courts that have found *Iqbal/Twombly* standards inapplicable to assertion of defenses).

Thus, absent specific objections from Plaintiffs as to each affirmative defense, the Court finds no basis to strike them. Moreover, to the extent that Plaintiffs argue that some of the defenses "are mere denials of the alleged facts," the proper remedy is to treat these affirmative defenses as denials, rather than strike them. *See Reese v. Fla. BC Holdings, LLC*, No. 6:17-cv-1574-Orl-41GJK, 2017 WL 8812778, at *2 (M.D. Fla. Nov. 28, 2017), *report and recommendation adopted*, 2018 WL 1863832 (M.D. Fla. Jan. 16, 2018) ("Affirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken."); *PNC Bank v. Craggs Constr. Co.*, No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016) ("Denials . . . that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials." (citation omitted)); *William Stone Premier Props., LLC v. Oni Babatunde E.*, No. 6:16-cv-2157-Orl-31GJK, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017), *report and recommendation adopted*, 2017 WL 2257720 (M.D. Fla. May 23, 2017) ("When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it.").

Outside of the pleading standards and the issue of denials, Plaintiffs make no further arguments in their motion, Doc. No. 55, and upon consideration, none of the affirmative defenses appears to be "patently frivolous or clearly invalid as a matter of law." *See NBIS Constr. & Transp. Ins. Servs., Inc. v. Liebherr-Am., Inc.*, No. 8:19-cv-2777-T-33AAS, 2019 WL 12517020, at *2 (M.D. Fla. Dec. 30, 2019); *see also Allstate Ins. Co. v. Meek*, No. 8:19-cv-1181-T-36CPT, 2020 WL 2114613, at *4 (M.D. Fla. May 4, 2020) ("[W]hile it is true that [the] affirmative defenses set forth barebones averments of unclean hands, waiver, and estoppel, they nonetheless serve the laudable purpose of placing [the plaintiff] and the Court on notice of certain issues [the defendant] intends to assert against [the plaintiff's] claims. This is particularly the case with these equitable defenses because they are commonly raised and generally require little elaboration at the pleading stage." (citations and quotation marks omitted)). And notably, Plaintiffs do not argue prejudice by inclusion of the affirmative defenses in these proceedings. *See NBIS Constr.*, 2019 WL 12517020, at *2; *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) ("To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." (citation omitted)). Further, "[t]o the extent Plaintiff[s] require[] greater factual detail for these defenses, Plaintiff[s] may acquire those facts through discovery." *See Jones v. Kohl's Dep't*

*Stores, Inc.*, No. 15-CIV-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015) (citation omitted).

Accordingly, for the reasons discussed herein, Plaintiffs' Motion to Strike Defendants' First Through Fourth and Sixth Through Eighteenth Affirmative Defenses (Doc. No. 55) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2024.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties